406 P.2d 820

Edward D. JONES, Edward J. Costigan, Ralph C. Deppe, William L. Reiman and Edward D. Jones, Jr., a partnership, doing business as Edward D. Jones & Co., Plaintiff-Appellee,

v.

James MORROW, Defendant-Counterclaimant Appellant.

No. 7660.

Supreme Court of New Mexico.

Oct. 11, 1965.

V. A. Doggett, Raton, for appellant.
Wright & Kastler, Raton, for appellee.

CARMODY, Chief Justice.

Defendant-appellant claims error on the part of the district court in rendering judgment in favor of the plaintiff and dismissing the counterclaim.

The case was initiated by the plaintiff stock brokerage firm, which brought suit against the defendant for the sum of $1,-596.98, because of a loss on a "short sale" of 500 shares of American Machine & Foundry stock. The defendant, at an earlier time, had suffered a loss on certain stock purchases handled for him by the plaintiff, and was advised by the salesman of the plaintiff that he could possibly recoup his loss by selling American Machine & Foundry short. Unfortunately, however, the market rose instead of falling, and it was necessary for the plaintiff to "cover purchase," for the defendant's account, 500 shares at an increased cost of the amount sued for. As a part of the stock transactions, the defendant had delivered some other stock to the plaintiff as collateral. After the loss on American Machine & Foundry, the defendant delivered his check for the amount of the loss to the plaintiff, but before it cleared the bank, payment was stopped. The defendant assured the plaintiff that he would allow the check to clear when his collateral stock was returned. Thereupon, the stock was delivered, but the defendant still refused to authorize payment of the check. This suit followed,

and the defendant counterclaimed for his loss occasioned by the short sale.

The trial court, sitting without a jury, entered judgment in favor of the plaintiff and dismissed the cross-complaint. In so doing, the court made extensive findings, practically all of which are here attacked as lacking support by substantial evidence.

In making the attack which he does, the defendant urges that the trial court should have made contrary findings, and cites us to considerable legal authority, from which it would follow that if the defendant's findings had been adopted, the judgment should have been in favor of the defendant both on the complaint and the cross-complaint. However, the fallacy of the entire argument is that the findings as made by the trial court either factually preclude the legal propositions urged by the defendant or the authorities are not in point.

Although the issues are somewhat beclouded by the defendant's brief and argument, basically the question resolves itself into the issue of whether the plaintiff's agent assured the defendant that he would not suffer any loss through the short sale. This issue was specifically answered by the trial court and there is substantial evidence in the record to support the finding that no such assurance was made. Actually, each of the findings of the trial court is amply supported, even though, of course, there is contrary testimony which,

if believed, would have necessitated a different result. The fact that there is other evidence in the record to support the findings requested by the defendant is, in reality, of no consequence. We have stated too many times to require the citation of authority that the findings of the trial court, if based upon substantial evidence, must stand as the facts before us. This being so, defendant's legal arguments are of no avail.

The judgment should be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.